# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EDWARD W. ORLICK and BARBARA L. ORLICK,** : | |
| : | |
| **Plaintiffs** : | CIVIL ACTION NO. 3:14-1724 |
| : | |
| v. : | |
| : | (JUDGE MANNION) |
| **TILDEN RECREATIONAL VEHICLES** *d/b/a* **BOAT-N-RV SUPERSTORE,** : | |
| : | |
| **Defendant** | |

## **MEMORANDUM**

Pending before the court is the defendant's motion to dismiss the instant action for non-prosecution pursuant to Fed.R.Civ.P. 41(b). (Doc. 33). Based upon the court's review of the record in this action, the defendant's motion will be **GRANTED**.

By way of relevant background, the instant action relates to the June 2010 sale of a boat and trailer to the plaintiffs by the defendant. Approximately four years after the transaction, on June 4, 2014, the plaintiffs initiated the instant action in the Court of Common Pleas of Schuylkill County via a writ of summons. In response to the writ, the defendant filed a "Praecipe for Rule to File Complaint," after which, on June 20, 2014, the prothonotary issued the "Rule to File Complaint". The defendant's counsel served the plaintiffs with a copy of the Rule on June 23, 2014. On July 15, 2014, when the plaintiffs failed to file a complaint, the defendant issued a default notice informing the plaintiffs that it intended to move for dismissal of the action for non-

prosecution. On July 18, 2014, the plaintiffs filed their complaint but, contrary to Pennsylvania law, failed to attach the exhibits referenced in the complaint. The exhibits were not filed until August 7, 2014. Thereafter, on September 4, 2014, the defendant removed the action to this court.

In the course of the proceedings in this court, a case management conference was held on October 15, 2014, which directed that fact discovery be completed by April 15, 2015. That deadline was subsequently extended to May 15, 2015. The defendant's materials provide, and the plaintiffs do not dispute, that the defendant served document requests and interrogatories upon the plaintiffs on March 1, 2015, to which the plaintiffs never responded. Moreover, the plaintiffs conducted no depositions.

After the close of discovery and the passing of the dispositive motion deadline, a final pre-trial conference was set for January 7, 2016. Although it was the plaintiffs' counsel's duty to initiate a meet-and-confer with defendant's counsel at least fourteen days prior to the conference under Local Rule 16.3, the plaintiffs' counsel conceded that he never did so and failed to respond to the defendant's counsel's inquiries regarding the conference. The defendant nevertheless filed a pretrial memorandum on December 31, 2015. The plaintiffs filed an untimely pretrial memorandum on January 4, 2016.[1]

During the final pretrial conference, the court directed the parties to file

---

[1]Pursuant to L.R. 16.6, each party is to file its pretrial memorandum at least seven (7) days prior to the final pretrial conference.

trial briefs on or before January 15, 2016. The defendant filed its brief on January 15, 2016. The plaintiffs belatedly filed their brief on January 17, 2016. As a result, the defendant filed a motion to strike the plaintiffs' untimely brief, which was ultimately denied after a status conference on January 25, 2016. However, the plaintiffs' counsel was admonished for his untimely filings and advised that future untimely filings may be stricken.

At the status conference discussing the defendant's motion to strike, the parties had agreed, in theory, to submitting this matter to arbitration. However, there were some issues in that regard that needed to be discussed. In an attempt to work out these issues and proceed with arbitration prior to the trial deadlines set by this court, the defendant's counsel sent repeated emails and called the plaintiffs' counsel, with no response. As a result, the defendant's counsel wrote to the court on January 29, 2016 identifying the defendant's arbitration proposal and attempts made to get a response from the plaintiff, and requesting yet another telephone conference with the court. On the following day, the plaintiffs' counsel wrote a letter to the court indicating that the parties had reached an agreement and that the matter would be submitted to arbitration. The plaintiff's counsel requested, however, that the court stay the action to ensure that the parties complied with the arbitration agreement. Based upon counsel's representations, by order dated February 2, 2016, the court stayed and administratively closed the instant action.

The court heard nothing further from the parties until the pending motion

to dismiss was filed by the defendant on April 13, 2018, over two years after the matter was stayed and administratively closed. In its motion, the defendant provides that a draft arbitration agreement was forwarded to the plaintiffs on February 1, 2016, with a direction that the plaintiffs' counsel review the agreement and provide suggested changes, if any. Defendant's counsel never received a response from the plaintiffs' counsel. Instead, at some point in 2017, without agreeing upon an arbitrator with the defendant as required by the parties' agreement, the plaintiffs unilaterally filed a statement of claim with the American Arbitration Association ("AAA") under its consumer rules. The defendant provides that its contract calls for arbitration under the commercial rules, not the consumer rules. Unbeknownst to the defendant that the request for arbitration had been filed, in April 2017, the defendant's counsel received a letter from the AAA declining to accept the case for arbitration. As a result, the defendant's counsel wrote the plaintiffs' counsel on May 15, 2017, offering to agree upon an arbitrator and requesting that the plaintiffs' counsel contact defendant's counsel as soon as possible to discuss scheduling an arbitration. The plaintiffs' counsel did not respond for over nine months. Then, on February 25, 2018, the plaintiffs' counsel wrote the defendant's counsel seeking to initiate arbitration. Defendant's counsel responded that the defendant was unwilling to proceed with arbitration over two years after the case was administratively closed so that the parties could pursue arbitration and nearly a year after the defendant wrote to move the

4

arbitration process forward. In light of the plaintiffs' consistent failure to move this case forward, the defendant now requests that the matter be dismissed pursuant to Fed.R.Civ.P. 41(b).

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to prosecute or comply with these rules or order of court . . ." Fed.R.Civ.P. 41(b); McNamus v. Desarro, 2014 WL 5314562, at *3 (M.D. Pa. Oct. 16, 2014). The United States Court of Appeals for the Third Circuit has identified six factors a court should consider before dismissing an action for failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Dortch v. Sload, 2018 WL 3727264, at *1-2 (M.D. Pa. Aug. 6, 2018) (citing Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984))[2]. No single factor is dispositive, and "[e]ach factor need not be satisfied for the trial court to dismiss a claim." Id. (citing Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003)). However, the factors "should be weighed by the district

---

[2]In his opposing brief, the plaintiffs' counsel incorrectly relies upon a three-part test set forth by the Pennsylvania Supreme Court to argue that the instant action should not be dismissed for failure to prosecute. However, it is the Federal Rules of Civil Procedure and related decisions which govern in this case. As a result of counsel's incorrect reliance on the state law standard, a majority of the Poulis factors have not been opposed.

5

courts in order to assure that the 'extreme' sanction of dismissal . . . is reserved for the instances in which it is justly merited." Id. (citing Poulis, 747 F.2d at 870).

With respect to the first Poulis factor, courts look to whether the party itself is personally responsible for the delay. DDRA Capital, Inc. v. KPMG, LLP, 2018 WL 813430, at *2 (D.V.I. Feb. 9, 2018) (citing Adams v. Trs. of N.J. Brewery Employees' Pension Tr. Fund, 29 F.3d 863, 873 (3d Cir. 1994)). Here, the defendant argues that the plaintiffs must have been aware that no action had been taken to advance their claims for over two years following this action being stayed for the parties to pursue arbitration, and that the plaintiffs' failure to pursue their claims since February 2016 indicates that they bear some responsibility for the delay in this action. In considering this factor, the court has no information before it that the plaintiffs played any active part in the delay of the proceedings in this action. Further, there is no information in the record as to the plaintiffs' legal sophistication, or what the plaintiffs had been advised by their counsel regarding the delay in the proceedings. In fact, the plaintiffs' counsel indicated in a February 25, 2018, e-mail to defendant's counsel that he needed "to get this matter on the front burner" because his clients were "anxious" to get the matter resolved. The indication is that the plaintiffs wanted their case to move forward. Since there is no indication in the record that the plaintiffs were personally responsible for the delay in this matter, the court does not find that this factor weighs in favor of dismissal.

6

With respect to the second Poulis factor, whether the movant has been prejudiced by the delay, "[p]rejudice need not be 'irremediable harm'"- "[e]xamples of prejudice include 'the irretrievable loss of evidence, the inevitable dimming of witness' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'" DDRA Capital, 2018 WL 813430, at *2 (citing Adams, 29 F.3d at 875 (quoting Scarborough v. Eubanks, 747 F.2d 871, 876 (3d Cir. 1984)). Here, the plaintiff argues that, while the defendant has generally talked about prejudice, it has not provided specifics and, in fact, cannot show any prejudice resulting from the delays in this case. Upon review, the defendant has specifically discussed the prejudicial effect that the delays in this case have caused. Specifically, the defendant argues that it has been more than eight years since the events that gave rise to this dispute, over two years of which are the result of the plaintiffs' failure to pursue the agreed upon arbitration in this case. The defendant argues that such delay is prejudicial because the plaintiffs have failed to respond to any discovery in this action and the dimming of witnesses memories is inevitable after such a long delay. Further, the defendant argues that it has been prejudiced by the failure to receive a prompt resolution to this matter, which courts have recognized can constitute prejudice. See e.g., Reisinger v. Connor, 2014 WL 6837008, at *2 (M.D.Pa. Dec. 3, 2014); Herrman v. Allstate Ins. Co., 450 F.Supp.2d 377, 542-43 (M.D.Pa. 2006). The court agrees that, without having received any discovery from the plaintiffs,

7

the extensive period of time that has passed prejudices the defendant with regard to the dimming of witnesses' memories. Moreover, the court agrees that the instant action has been unreasonably delayed and that the defendant is entitled to as prompt a resolution as is reasonable possible. Therefore, this factor weighs in favor of dismissal.

Under the third Poulis factor, history of dilatoriness, "[t]he conduct for which dismissal is sought 'must be evaluated in light of [a party's] behavior over the life of the case.'" DDRA Capital, Inc., 2018 WL 813430, at *3 (citing Adams, 29 F.3d at 875). Here, the defendant argues that the plaintiffs have demonstrated a repeated pattern of delay in pursuing their claims leading up to the more than two year delay in pursuing arbitration in this case. The defendant notes that this conduct dates back to the initiation of this case when the plaintiffs waited nearly four years to file suit and then only filed a complaint after they received notice from the defendant that it would be seeking dismissal of the action for non-prosecution. In fact, the defendant argues that the two year delay in pursuing arbitration is alone sufficient to establish a history of dilatoriness. Similar to the instant action, the defendant argues that the court in Reisinger supra, found a history of dilatoriness and dismissed the case under Fed.R.Civ.P. 41 where the plaintiff failed to commence an administrative process for two years after the court had stayed and administratively closed the case to permit the plaintiff to exhaust his administrative remedies.

The plaintiffs' counsel argues that the defendant is largely at fault for the delay in this matter because, while there was a general agreement to arbitrate the matter, the parties ultimately could not come to a meeting of the minds. In an attempt to circumvent this problem, counsel argues that an arbitration demand was filed with the AAA to which the defendant failed to respond and, ultimately, the AAA declined the arbitration. The plaintiffs' counsel's argument rings hollow, however, as the plaintiffs specifically sought a stay in this matter so that they could return to this court if there was any issue with regard to the arbitration agreement. As soon as the plaintiffs' counsel became aware that there was an issue with the arbitration agreement proposed by the defendant[3], it was his burden to bring the issue to the attention of this court and move the matter forward.

The plaintiffs' counsel further argues that the delay in this case can be attributed to the defendant because the defendant's original counsel withdrew his appearance and no new counsel entered their appearance, so that the plaintiffs had no one with whom they could communicate about the case. Despite this argument, the plaintiffs' counsel also provides that he had another case with the same defendant in the Court of Common Pleas of Berks County and was aware that the defendant had different counsel in that

---

[3]The court notes that the record does not reflect that the plaintiff even responded to the defendant's arbitration agreement, such that the matter could be resolved among the parties.

matter, but did not make any effort to inquire until late 2017 as to whether that counsel would be representing the plaintiffs in this matter.

Finally, the plaintiffs' counsel argues that the delay in responding to the defendant's May 2017 correspondence was due to his own medical problems. In considering this argument, while the court is certainly sympathetic to any health issues suffered by plaintiffs' counsel, this does not explain or excuse the delay in this matter in 2016 and 2017 leading up to the May 2017 correspondence. Moreover, as evidenced by documents attached to the defendant's reply brief, although plaintiffs' counsel indicates that he was unable to proceed in this matter in the Summer and Fall of 2017 due to his health issues, he was actively participating in the other matter against the defendant in Berks County during that same time. Specifically, the documents establish that counsel had taken six depositions in the Berks County matter on June 12, 2017, June 13, 2017, and June 20, 2017. Further, the plaintiffs' counsel was able to produce discovery in that matter in June of 2017, and respond to a motion for summary judgment on December 6, 2017. All the while, the plaintiffs' counsel contends he was unable to respond to the defendant's counsel's correspondence sent in May 2017.

Considering all of the above, as well as the repeated late filings in this case for which the plaintiffs' counsel was, at one point, admonished by the court, and includes the plaintiff's brief in opposition to the instant motion, the court finds that there is a history of dilatoriness in this matter which weighs in

favor of dismissal.

Next, in examining the fourth Poulis factor, the court considers whether there was "intentional or self-serving behavior," DDRA Capital, Inc., 2018 WL 813430, at *3 (citing Adams, 29 F.3d at 875), or conduct amounting to "an intentional disregard for th[e] case and the court's instructions," id. (citing Stanford v. Bracewell LLP, 2017 WL 2797869, at *10 (E.D. Pa. June 27, 2017)). Here, while the plaintiffs' counsel has attempted to excuse the delay in this case, the court has determined that none of the excuses provided is justifiable. Moreover, the plaintiffs' counsel has presented no defensive argument for his consistent late filings, including the brief opposing the instant motion, even after having been admonished by the court for filing untimely documents. Since the plaintiffs' counsel has provided no justifiable excuse for his actions in this case, the court can infer that his behavior was willful. See Reisinger, 2014 WL 6837008, at *3 (citations omitted).

With respect to whether any other sanction would be effective in this case, the fifth Poulis factor, the events which gave rise to this matter occurred almost 9 years ago. The plaintiffs waited nearly four years after the events to bring this action and, when they did finally file the action, they failed to take any depositions or produce any discovery in response to the defendant's discovery requests. The plaintiffs subsequently asked this court to stay the matter while the parties proceeded with arbitration, but then delayed the action for over two more years doing nothing to advance the matter to

arbitration. Considering the other factors discussed above, including the prejudice suffered by the defendant in not having this case prosecuted in a reasonable manner, the court finds that any remedy short of dismissal will not be sufficient.

Finally, as to the sixth factor, the defendant argues that the plaintiffs' claims lack merit. The plaintiffs do not address this argument in their opposing brief. Since the court does not have the benefit of briefing on the merits of the plaintiffs' claims, the court declines to examine the merits of their case. However, the court finds that the other factors discussed above sufficiently weigh in support of dismissal of the action such that the failure to conduct a merits analysis does not detract from a finding that dismissal is warranted in this case.

In considering the Poulis factors, the court finds that a majority of those factors weigh in favor of granting the defendant's motion to dismiss the plaintiffs' action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b). An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: February 20, 2019**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-1724-02.wpd